UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE FRANKLIN, #220245,

       Plaintiff,

                                  CASE NO. 05-CV-74233-DT
v.                                    HONORABLE MARIANNE O. BATTANI

DETROIT POLICE DEPTARTMENT,

       Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.     Introduction**

Plaintiff Tyrone Franklin, a state prisoner presently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the validity of a 1991 arrest warrant.  Plaintiff claims that the police lacked probable cause that the arrest warrant was never returned in violation of state law and his constitutional rights.  The named defendant is the Detroit Police Department.  Plaintiff seeks monetary damages.

**II.    Discussion**

Plaintiff has been granted leave to proceed *in forma pauperis* in this action.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. §

1

1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, not the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). A prisoner may not bring a civil rights action challenging his confinement if a favorable judgment would "necessarily imply" the invalidity of his conviction or length of confinement unless and until the reason for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This holds true regardless of the relief sought by the plaintiff. *Id*. at 489-90. The United States Supreme Court has recently affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief),

no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, _ U.S. _, _, 125 S. Ct. 1242, 1248 (2005). Because a favorable ruling on Plaintiff's false arrest and improper warrant claims would necessarily imply the invalidity of his continued confinement and Plaintiff has neither alleged nor established that his convictions have been overturned or declared invalid, his § 1983 complaint must be dismissed.

### III.  Conclusion

Based upon the foregoing, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: November 18, 2005